UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MCGLYNN,

                          Plaintiff,

- against -

BARSTOOL SPORTS, INC. and
THE CHERNIN GROUP, LLC

                         Defendants.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff David McGlynn ("McGlynn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants The Chernin Group, LLC ("Chernin") and Barstool Sports, Inc. ("Barstool") (and together "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of five copyrighted photographs. Four of Sonia Gonzalez, a homeless woman in New York City, and one of a five-hundred-pound gangster William Soler. All are owned and registered by McGlynn, a New York City based photojournalist. Accordingly, McGlynn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### PARTIES

5. McGlynn is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 710 West 173th Street, New York, New York, 10032. McGlynn's photographs have appeared in many publications around the United States.

6. Upon information and belief, Chernin is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1733 Ocean Avenue, Suite 300, Santa Monica, California, 90401. At all times material hereto, Chernin has owned and operated a website at the URL: www.barstoolsports.com (the "Website").

7. Upon information and belief, Barstool is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 13-15 West 27th Street, New York, New York 10001. At all times material hereto, Barstool has owned and operated a website at the URL: www.barstoolsports.com (the "Website").

### STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photographs**

8. On April 26, 2016, McGlynn photographed a five-hundred pound gangster William Soler. On March 9, 2016, McGlynn photographed Sonia Gonzalez, a homeless hoarder

in New York City. (the "Photographs").  A true and correct copy of the Photographs are attached hereto as Exhibit A.

9. McGlynn then licensed the Photographs to The New York Post. On April 26, 2016, The New York Post ran an article that featured the Photographs on its web edition entitled, *500-pound gangster packs snacks for court hearing.* See (http://nypost.com/2016/04/26/wobbles-makes-sure-he-packs-enough-snacks-for-court-hearing/). On March 9, 2016, The New York Post ran an article that features the Photographs on its web edition entitled *She Runs this Town*. See (http://nypost.com/2016/03/09/meet-new-york-citys-homeless-hoarder/). McGlynn's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs on the articles is attached hereto as Exhibit B.

10. McGlynn is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

11. The Photographs were registered with Copyright Office and were given Copyright Registration Number VA 2-007-339.

**B.     Defendant's Infringing Activities**

12. Upon information and belief, on or about April 26, 2016, Defendants ran an article on the Website entitled *Back-This Time Smuggling Drugs Into Court In His Wheelchair*. See (http://www.barstoolsports.com/newyork/wobbles-the-550-pound-gangster-is-back-this-time-smuggling-drugs-into-court-in-his-wheelchair/). Upon information and belief, on or about March 9, 2016, Defendants ran and article on the Website entitled *I Hate The Homeless Hoarder More Than Any Other Hobo In New York*. See (http://www.barstoolsports.com/newyork/i-hate-the-homeless-hoarder-more-than-any-other-hobo-in-new-york/). The article prominently featured the Photographs. A true and correct copy of the articles are attached hereto as Exhibit C.

13. Defendants did not license the Photographs from Plaintiff for its articles, nor did Defendants have Plaintiff's permission or consent to publish the Photographs on its Website.

14. Upon information and belief, Defendants removed McGlynn's gutter credit and did not attribute the Photographs to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CHERNIN AND BARSTOOL)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Defendants infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST CHERNIN AND BARSTOOL
## (17 U.S.C. § 1202)

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. When the Photographs was published in an article in The New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

25. Upon information and belief, in its article on the Website, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

26. The conduct of Defendants violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

29. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.  That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants pursuant to 17 U.S.C. § 1203(c);

5.  That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.  That Plaintiff be awarded pre-judgment interest; and

8.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 23, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff David McGlynn*